UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MCKINLEY TAYLOR                                    CIVIL ACTION

VERSUS                                             NO: 08-798

U.S. XPRESS, INC., ET AL                           SECTION: "J" (3)

**ORDER**

Before the Court is Defendants' **Ex Parte Motion to Remand (Rec. Doc. 16).** Plaintiff filed suit against U.S. Xpress, Inc., Simuel Payno, and Liberty Mutual Insurance Company in state court for the Parish of Orleans, state of Louisiana. Defendants removed the matter pursuant to this Court's diversity jurisdiction on January 30, 2008.

Subsequently, on February, 29, 2008, Plaintiffs filed a Motion to Remand (Rec. Doc. 11) based on a lack of subject matter jurisdiction, setting it for hearing on March 19, 2008. Plaintiff argued that the presence of Defendant Simuel Payno, domiciled in Mississippi, destroyed complete diversity, as Plaintiff is also a Mississippi domiciliary. Defendants opposed remand, arguing that Plaintiff's failure to serve Payno prior to

removal eliminated any problem associated with diversity.[1]

Prior to this Court's ruling on Plaintiff's Motion to Remand (Rec. Doc. 11), Defendants filed an **Ex Parte Consent Motion to Remand (Rec. Doc. 16).** In their motion, Defendants state that they have subsequently been provided with an Affidavit of Service of the Petition of Intervention on Simuel Payno at his residence in Mississippi. As a result, Defendants acknowledge that complete diversity no longer exists.

Therefore, this Court determines that this matter must be remanded for lack of subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that Defendants' **Ex Parte Consent Motion to Remand (Rec. Doc. 16)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 11)** is hereby **DENIED** as moot.

New Orleans, Louisiana this the 14th day of March, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] Defendants rely on 28 U.S.C. 1441(b) which provides in pertinent part: "Any other such action shall be removable only if none of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought."